# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | |
|---|---|
| GALE S. MAY : | |
| Plaintiff, : | |
| : | Case No. 3:09cv00090 |
| vs. : | |
| : | District Judge Walter Herbert Rice |
| MICHAEL J. ASTRUE, : | Magistrate Judge Sharon L. Ovington |
| Commissioner of the Social | |
| Security Administration, : | |
| Defendant. : | |

# REPORT AND RECOMMENDATIONS[1]

Plaintiff initially brought this case seeking judicial review, under the provisions of 42 U.S.C. § 405(g), of the Social Security Administration's decision to deny her applications for Disability Insurance Benefits and Supplemental Security Income. The Court previously remanded the case for further administrative proceedings, and the Clerk of Court entered Judgment in Plaintiff's favor and against the Commissioner. (Doc. #s 11-13).

The case is presently before the Court on Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1)(B) (Doc. #14), the Commissioner's Response (Doc. #15), and the record as a whole. Plaintiff

---

[1] Attached hereto is NOTICE to the parties regarding objections to this Report and Recommendations.

specifically seeks an award of attorney's fees in the amount of $1,761.15, for 11.05 hours of work at the rate of $159.38 per hour. (Doc. #14, PageID at 791). The Commissioner contends that an award of EAJA attorney fees is not warranted in this case.

The EAJA provides attorney fees to a party who prevails in a civil action against the United States "when the position taken by the Government is not substantially justified and no special circumstances exist warranting a denial of fees." *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 445 (6th Cir. 2009) (citing 28 U.S.C. § 2412(d)(1)(A)). In the present case, Plaintiff became the prevailing party when she obtained a reversal and remand for further administrative proceedings. *See Shalala v. Schaefer*, 509 U.S. 292, 300-302 (1993). The parties' dispute thus focuses on whether the Government's position in support of the ALJ's decision was substantially justified. *See, e.g., Pierce v. Underwood*, 487 U.S. 552, 108 S.Ct. 2541 (1988)

> A position is substantially justified when it is "'justified in substance or in the main' – that is, justified to a degree that could satisfy a reasonable person." *Pierce*, 487 U.S. at 565, 108 S.Ct. 2541. Stated otherwise, a position is substantially justified when it has a "reasonable basis both in law and fact." *Id*. The fact that . . . the Commissioner's position was unsupported by substantial evidence does not foreclose the possibility that the position was substantially justified. *See id*. at 569, 108 S.Ct. 2541; *Jankovich v. Bowen*, 868 F.2d 867, 870 (6th Cir. 1989). Indeed, "Congress did not . . . want the 'substantially justified' standard to 'be read to raise a presumption that the Government position was not substantially justified simply because it lost the case. . . .'" *Scarborough* [*v. Principi*, 541 U.S. 401, 415, 124 S.Ct. 1856, 1866 (2004)] (quoting *Libas, Ltd. v. United States*, 314 F.3d 1362, 1365 (Fed. Cir. 2003)).

*Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004). The Government bears the burden of establishing that its position was substantially justified. *Scarborough*, 541 U.S.

2

at 414-15, 124 S.Ct. at 1865-66

In the present case, the Government contends that its decision to defend the denial of benefits was substantially justified because a rational ground existed for denying Plaintiff's applications. The Government maintains that the ALJ provided a number of reasons to reasonably deny Plaintiff's applications, including the lack of treatment sought by Plaintiff, Plaintiff's lack of credibility, and the minimal objective findings to support Plaintiff's assertion of disabling impairments. Yet, crediting the Government's view of the record does not reveal substantial justification for its support of the ALJ's decision when the ALJ accepted the opinions of Dr. Congbalay – a non-examining, record-reviewing physician – without evaluating the opinions as Social Security Regulations, Rulings, and case law mandate. The Court previously explained:

> The specific Regulation at issue requires ALJs to evaluate opinions provided by state agency medical sources "using the relevant factors . . . such as the physician's or psychologist's medical specialty and expertise in our rules, the supporting evidence in the case record, supporting explanations provided by the physician or psychologist, and any other factors relevant to the weighing of the opinions." 20 C.F.R. §404.1527(f)(2)(ii). The Commissioner is therefore correct to the extent he recognizes that this Regulation required the ALJ to <u>consider</u> Dr. Congbalay's opinions. Yet the Commissioner argues more by asserting that the Regulations did not require the ALJ to explain his application of the factors in the degree of detail Plaintiff suggests. This contention triggers the next sentence of this Regulation, which states:
>
>> Unless the treating source's opinions is given controlling weight, the administrative law judge must explain in the decision the weight given to the opinions of a State agency medical or psychological consultant or other program physician or psychologist, as the administrative law judge must do for any opinions from treating sources, nontreating

sources, and other nonexamining sources who do not work for us.

20 C.F.R. §404.1527(f)(2)(ii) (emphasis added). The plain meaning of the verb "explain" – "to make manifest: present in detail" or "to give reason for" – demands more than a conclusory statement by the ALJ that he is fully crediting or relying on a medical source's opinion. If a conclusory statement was sufficient, this Regulation would have said so by instead requiring ALJs to "state "or to "indicate" the weight given to state agency medical sources. In addition, by equating the explanation an ALJ must give when evaluating state agency medical sources with the explanation given to treating and other medical sources, this Regulation requires the ALJ to provide at least some explanation – if not a good explanation, as required of treating physicians, *see* §404.1527(d)(2) – of the weight given to state agency medical source opinions.

Finding a conclusory statement by the ALJ sufficient would also eliminate the possibility of meaningful review in both the Appeals Council and the courts. Without some reasons why the ALJ credited a state agency medical source, there is no way to determine whether the ALJ actually applied the correct legal criteria, i.e., the regulatory factors listed in §404.1527(d), or whether the ALJ merely accepted the opinion without evaluating it under the factors required by the Regulations, *see* 404.1527(f)(2)(ii), and Rulings, *see* Soc. Sec. Ruling 96-6p, 1996 WL 374180 (reiterating that ALJs "must explain the weight given to these opinions" and further explaining, that the opinions of these medical sources "can be given weight only insofar as they are supported by evidence in the case record, considering such factors as . . . supportability . . . consistency . . . [and] specialization. . . ."). And it is difficult to understate the significance of these factors under the Regulations since they reiterate this requirement no less than three times. *See* 20 C.F.R. §404.1527(d) ("we consider all of the following factors in deciding the weight to give any medical opinion...."); *see also* 20 C.F.R. §404.1527(f)(ii) (factors apply to opinions of state agency consultants); 20 C.F.R. §404.1527(f)(iii) (same as to medical experts' opinions); Social Security Ruling 96-6p, 1996 WL 374180 at *2 (same). Similarly, the Rulings explain:

> [T]he opinions of State agency medical and psychological consultants and other program physicians and psychologists can be given weight only insofar as they are supported by evidence in the case record, considering such factors as the

4

supportability of the opinion. . . , the consistency of the
opinion with the record as a whole, including other medical
opinions, and any explanation for the opinion provided by the
State agency medical or psychological consultant or other
program physician or psychologist. The adjudicator must also
consider all other factors that could have a bearing on the
weight to which an opinion is entitled, including any
specialization of the State agency medical or psychological
consultant.

Soc. Sec. Ruling 96-6p, 1996 WL 374180 at *2. Meaningful appellate review to determine whether an ALJ complied with such specific requirements would be difficult – if not impossible – without some explanation by the ALJ indicating what factors led him to credit the state agency medical source opinions. In the present case, the ALJ only provided the following conclusory statement concerning Dr. Congbalay's opinions: "The physical restrictions are based in general on the assessment for light work by the BDD." (Tr. 22). Thus, although the ALJ stated what weight he applied to Dr. Congbalay, he never stated why such weight was due. Consequently, the ALJ's decision to not "explain the weight..." given to Dr. Congbalay's opinion in contrast with the mandate set forth in §404.1527(f)(2)(ii).

 This error was not harmless because Dr. Congbalay's July 2005 record review preceded the date of Plaintiff's lower back injury in February 2007. (Tr. 244, 246). She underwent an MRI on March 6, 2007, which Dr. Congbalay never saw and which revealed in part a "very small posterior disc protrusion" at L4-L5 and a "broad posterior disc protrusion at the L5-S1 level...." (Tr. 236-37). No state agency medical source provided an opinion about the significance, or lack of significance, of the problems revealed by this MRI. No medical expert testified during the ALJ's hearing. Instead, the ALJ accounted for these problems by adding certain limitations to his assessment of Plaintiff's Residual Functional Capacity. *See* Tr. 22. In doing so, he did not rely on any medical test results or opinion evidence of record. *See id*.

 According to the Commissioner, this was not error because the ALJ was charged with the duty to assess Plaintiff's Residual Functional Capacity, which he did by adding certain limitations. The ALJ is indeed charged with the duty to assess a claimant's Residual Functional Capacity. *See* 20 C.F.R. §404.1527(e)(2). Yet substantial evidence must support the

5

> limitations he sets. Dr. Congbalay's opinions do not support the additional limitations the ALJ set, and neither the ALJ nor the Commissioner (presently) relies on specific evidence of record to support the ALJ's additional limitations. *See* Tr. 22.
>
> Accordingly, Plaintiff's challenges to the ALJ's reliance on the state agency medical source's opinions are well taken.

(Doc. #11, PageID at 69-72)(footnotes omitted).

Although the Commissioner correctly points out that a "reversal of the denial of benefits and a remand for clarification does not automatically mean the Commissioner's decision to defend the ALJ's decision was unreasonable," *Anderson v. Commissioner of Social Sec.*, 1999 U.S. LEXIS 29996 at *13 (6th Cir. 1999); *see Howard*, 376 F.3d at 554, the significance of the ALJ's errors both in failing to evaluate Dr. Congbalay's opinions as required by law and in assessing Plaintiff's Residual Functional Capacity without relying on substantial evidence of record deprive the Government's defense of the ALJ's decision of a reasonable basis in fact and law. The Commissioner, therefore, has not met his burden of establishing that his support for the ALJ's decision was substantially justified or that an EAJA award to Plaintiff will be unjust. *Howard*, 376 F.3d at 554 ("Under the circumstances of this case, where the administrative law judge was found to have selectively considered the evidence in denying benefits, we hold that the Commissioner's decision to defend the administrative law judge's denial of benefits is without substantial justification.").

Accordingly, Plaintiff is entitled to an EAJA award.

One issue remains: Plaintiff's counsel seeks to increase the $125 hourly rate set by

Congress in 1996 to $159.30 per hour. Counsel states, "Attached is information from the United States Department of Labor, showing the increase in the cost of living in this area since March 1996, to substantiate the hourly rated of $159.30." (Doc. #14, PageID at 81). The only document attached to Plaintiff's Motion is a list of the services Plaintiff's counsel performed in this case, adding up to 11.05 hours of attorney work. *Id.*, PageID at 82.

Plaintiff's counsel also explains in the Motion, "The amount of the fees requested is reasonable and is consistent with the amount of time expended and the degree of complexity of the issues involved in this litigation. In addition, the attorney for Plaintiff has over 12 years of experience in handling Social Security claims, both at the agency level and before the U.S. District Court, and the fees are consistent with those customarily charge in this locality for similar legal services in Social Security claims." (Doc. #14, PageID at 81).

"In requesting an increase in the hourly-fee rate, Plaintiffs bear the burden of producing appropriate evidence to support the requested increase. Plaintiffs must 'produce satisfactory evidence – in addition to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Bryant*, 578 F.3d at 450 (internal citation omitted). Even if Plaintiff had submitted the promised documentation – more specifically, documents showing yearly increases in the Consumer Price Index since 1996, "In accordance with the Sixth Circuit decision in *Bryant*, the

submission of the Consumer Price Index, standing alone, is insufficient to satisfy the burden of proving that the higher hourly rate requested by counsel is justified." *Douglas v. Astrue, Commissioner of Social Sec.*, 2012 WL 931100 at *2 (S.D. Ohio, March 19, 2012)(Rice, D.J.). Counsel, moreover, has offered no affidavit or other evidence supporting his conclusion that the requested rate is "'in line with those prevailing in the community for similar services offered by lawyers of reasonably comparable skill, experience, and reputation . . . .'" *Id*. (quoting *Bryant*, 578 F.3d at 450). Consequently, Plaintiff's counsel has not met his burden of showing that the increase he requested in the statutory cap of $125 per hour is warranted. *See id*.

Accordingly, Plaintiff is entitled to an EAJA award of attorney fees calculated as follows:

   11.05 (hours of attorney work) x $125 = $1,381.25

### IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's Motion for an Award of Attorney Fees Pursuant to the Equal Justice Act (Doc. #14) is GRANTED in part to the extent Plaintiff is entitled to an EAJA award in the total amount of $1,381.25. Plaintiff's Motion for an EAJA award totaling $1,761.15 is DENIED; and

2. The case remain terminated on the docket of this Court.

April 10, 2012

                                                      s/Sharon L. Ovington
                                                        Sharon L. Ovington
                                                 United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters,* 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).